# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| GRANITE RANCH OPPORTUNITIES, LLC, | CASE NO. 14cv859-LAB (WVG) |
|---|---|
| Plaintiff, | **ORDER DISCHARGING ORDER TO SHOW CAUSE RE: SANCTIONS OR CONTEMPT; AND** |
| vs. | |
| STEVEN E. HASTY and KAREN R. HASTY, et al., | **ORDER DENYING MOTION FOR SANCTIONS AND FOR AN ORDER DECLARYING DEFENDANTS VEXATIOUS LITIGANTS** |
| Defendants. | |

    Defendants Steven and Karen Hasty removed this case from state court five times. On each previous occasion, a U.S. District Judge explained why the Court lacked jurisdiction over this case, and remanded it. This time, Plaintiff moved for sanctions and for an order declaring the Defendants vexatious litigants.

    The Court held those motions in abeyance, and issued its own order to show cause requiring the Hasties to file a response explaining why they shouldn't be sanctioned. They disobeyed that order, and the Court then ordered them to appear at a hearing and show cause why the should not be sanctioned, as well as held in contempt for disobeying the Court's clear order. The underlying dispute is no longer before the Court; the Court remanded the case, and retained jurisdiction only over the issues of sanctions and contempt.

1    The Hasties were permitted to file a written response to the second order before
2 appearing at the hearing, and they did so. Their response repeated the Hasties' meritless
3 argument that the Court had jurisdiction over the case. By this time, that argument had been
4 rejected by five different U.S. District Judges. The Hasties never attempted to explain why
5 they thought all five judges got it wrong, nor why they failed to mention to each successive
6 judge the fact that the case had previously been removed and remanded. They did admit
7 they had no reason to think this fifth removal was timely, even though they had represented
8 to the Court that it was. They did not address the issue of contempt.

9    At the hearing, the Hasties apologized, and said they had been advised by non-
10 lawyers to keep removing the case. As the Court pointed out, obeying the advice of non-
11 lawyers and ignoring multiple judges' rulings was foolish.[1] The Hasties stated that in the
12 underlying case, judgment had just been entered against them in the amount of $25,000,
13 and that, because of that judgment and other financial problems, they were unable to pay
14 any sanctions. The Court also recognized that the Hasties were under severe financial and
15 emotional pressure, and were likely acting out of desperation rather than calculated malice.
16 Because the Hasties are unlikely to find themselves in this same predicament again, the
17 need for deterrence is reduced.

18    The Court accepted the Hasties' apology and determined that under the
19 circumstances, a stern admonition would suffice. The Court repeats its admonition that the
20 Hasties should not have acted as they did. They filed frivolous pleadings which they had no

---

[1] The State Bar of California is authorized under some circumstances to take action against non-attorneys who practice law. The bar's website says:

> If you have information about the possible unlawful practice of law by an unlicensed individual, please call 1-800-843-9053. You should send supporting documents or other information to: The State Bar of California, Office of the Chief Trial Counsel, Intake Unit, 845 S. Figueroa St. Los Angeles, CA 90017-2515, Attn: UPL Project.

The Hasties may wish to consider this course of action, as a way of making amends for their misbehavior and helping to protect others from being misled as they were.
DATED: May 27, 2014

reason to think were meritorious, as a way of staving off eviction from the house they once owned. Their disobedience to the Court's clear order could have resulted in their being jailed. By acting as they did, they behaved unfairly towards their opponent and wasted public resources. Repetition of this type of behavior is likely to result in sanctions, and possibly contempt. With this admonition, the Court's orders to show cause are **DISCHARGED**.

Although Plaintiff moved for compensatory sanctions, it did not comply with Fed. R. Civ. P. 11(c)(2)'s safe harbor provision. Under Rule 11(c)(4), the Court can award compensatory sanctions only on motion, and only if warranted for effective deterrence. The Court declines to impose sanctions on the basis of its own inherent authority or other provisions of law. Because the Court has ordered the Hasties not to remove this action again, and because in any event the case appears to have proceeded to final judgment, there is no need to declare them vexatious litigants. Plaintiff's motions are therefore **DENIED**.

This order disposes of all pending matters in this case. The Clerk is directed to close the docket.

**IT IS SO ORDERED**.

DATED: May 22, 2014

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge